# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CONNECTICUT GENERAL LIFE** | § | |
| **INSURANCE COMPANY AND** | § | |
| **CIGNA HEALTH AND LIFE** | § | **JURY DEMANDED** |
| **INSURANCE COMPANY** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:16-cv-571** |
| | § | |
| **ELITE CENTER FOR MINIMALLY** | § | |
| **INVASIVE SURGERY LLC;** | § | |
| **HOUSTON METRO ORTHO AND** | § | |
| **SPINE SURGERY CENTER LLC; and** | § | |
| **ELITE AMBULATORY SURGERY** | § | |
| **CENTERS LLC d/b/a ELITE** | § | |
| **SURGICAL AFFILIATES** | § | |

### Defendants' Original Answer to Cigna's Original Complaint

Defendants Elite Center for Minimally Invasive Surgery LLC, Houston Metro Ortho and Spine Surgery Center LLC, and Elite Ambulatory Surgery Centers LLC d/b/a Elite Surgical Affiliates (collectively, "Elite" or "Defendants") file their original answer to plaintiffs Connecticut General Life Insurance Company's and Cigna Health and Life Insurance Company's (collectively, "Cigna") original complaint (the "Complaint") (Doc. 1).

## Admissions and Denials

### I.      Introduction

1.      Defendants admit that it comprised two surgical centers in the Houston area that had no contract with Cigna, that submitted bills to Cigna, and that Cigna has denied payment in full or in part. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of

Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 1 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 1 of the Complaint, and those allegations are therefore denied.

2. Defendants admit that Cigna is a Connecticut-based company. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 2 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 2 of the Complaint, and those allegations are therefore denied.

3. Defendants admit that at least some Cigna members may obtain benefits for services provided by out-of-network providers. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 3 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 3 of the Complaint, and those allegations are therefore denied.

4. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 4 of the

Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 4 of the Complaint, and those allegations are therefore denied.

5.      Defendants admit that it comprised two surgical centers, operating in the Houston area providing a variety of medical services, that were commonly owned and managed by Elite Surgical Affiliates and that were not contracted in Cigna's provider network. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 5 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 5 of the Complaint, and those allegations are therefore denied.

6.      Defendants admit that physicians owned an interest in the surgical centers and that some patients received discounts based on financial need. In all other respects, Defendants deny the allegations in paragraph 6 of the Complaint.

7.      No response is required for the legal conclusions contained in paragraph 7 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 7 of the Complaint.

8.      No response is required for the legal conclusions contained in paragraph 8 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 8 of the Complaint, and those allegations are therefore denied.

## II.    Parties

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.    Defendants admit that Elite Ambulatory Surgery Centers, LLC d/b/a Elite Surgical Affiliates is a Texas limited liability company that regularly conducts business in Houston, Harris County, Texas and may be served with process through its registered agent Lori Ramirez. In all other respects, Defendants deny the allegations in paragraph 13 of the Complaint.

## III.    Jurisdiction and Venue

14.    Admitted.

15.    Admitted.

16.    Defendants accept Cigna's characterization of Cigna's Complaint and on that basis admit.

17.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 17 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 17 of the Complaint.

18.    Defendants admit that venue is proper in this Court.

## IV.    Factual Background

### A.    Cigna's Healthcare Benefits Plans

19.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 19 of the Complaint. The allegation in paragraph 19 of the Complaint is therefore denied.

20.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 20 of the Complaint. The allegation in paragraph 20 is therefore denied.

21.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 21 of the Complaint. The allegations in paragraph 21 are therefore denied.

22.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 22 of the Complaint. The allegations in paragraph 22 are therefore denied.

### B.    Cigna's Discretionary Authority to Act on Behalf of the Plans

23.    No response is required for the legal conclusions contained in paragraph 23 of the Complaint. In all other respects, Defendants deny the allegation in paragraph 23 of the Complaint.

24.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 24 of the Complaint. The allegations in paragraph 24 of the Complaint are therefore denied.

25.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 25 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 26 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 27 of the Complaint. The allegation in paragraph 27 of the Complaint is therefore denied.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 28 of the Complaint. The allegations in paragraph 28 of the Complaint are therefore denied.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 29 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 30 of the Complaint. The allegation in paragraph 30 of the Complaint is therefore denied.

31. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 31 of the Complaint. The allegation in paragraph 31 of the Complaint is therefore denied.

32. No response is required to the legal conclusions in paragraph 32 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 32 of the Complaint. The allegation in paragraph 32 of the Complaint is therefore denied.

33. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 33 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 34 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 34 of the Complaint.

**C.      Cigna's Determination of Claims on Behalf of the Plains**

35.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 35 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 35 of the Complaint. The allegations in paragraph 35 of the Complaint are therefore denied.

36.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 36 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 36 of the Complaint. The allegations in paragraph 36 of the Complaint are therefore denied.

37.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 37 of the Complaint. The allegation in paragraph 37 of the Complaint is therefore denied.

**D.      Cigna Plan Provisions Designed to Make Healthcare Affordable**

38.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 38 of the Complaint. The allegation in paragraph 38 of the Complaint is therefore denied.

39.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 39 of the Complaint. The allegation in paragraph 39 of the Complaint is therefore denied.

40.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 40 of the Complaint. The allegation in paragraph 40 of the Complaint is therefore denied.

41.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 41 of the Complaint. The allegation in paragraph 41 of the Complaint is therefore denied.

42.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 42 of the Complaint. The allegation in paragraph 42 of the Complaint is therefore denied.

43.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 43 of the Complaint. The allegation in paragraph 43 of the Complaint is therefore denied.

44.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation in paragraph 44 of the Complaint. The allegation in paragraph 44 of the Complaint is therefore denied.

45.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 45 of the Complaint. In all other respects, Defendants lack knowledge or information to form a

belief about the truth of the allegations in paragraph 45 of the Complaint. The allegations in paragraph 45 of the Complaint are therefore denied.

46.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 46 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 46 of the Complaint. The allegations in paragraph 46 of the Complaint are therefore denied.

47.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 47 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 47 of the Complaint. The allegations in paragraph 47 of the Complaint are therefore denied.

48.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 48 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 48 of the Complaint. The allegations in paragraph 48 of the Complaint are therefore denied.

49.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain.

No response is required for the legal conclusions contained in paragraph 49 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 49 of the Complaint. The allegations in paragraph 49 of the Complaint are therefore denied.

50. No response is required for the legal conclusions contained in paragraph 50 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 50 of the Complaint. The allegations in paragraph 50 of the Complaint are therefore denied.

51. No response is required for the legal conclusions contained in paragraph 51 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 51 of the Complaint. The allegations in paragraph 51 of the Complaint are therefore denied.

52. No response is required for the legal conclusions contained in paragraph 52 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 52 of the Complaint.

53. No response is required for the legal conclusions contained in paragraph 53 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 53 of the Complaint.

**E.    Defendants' Scheme to Defraud**

54. No response is required for the legal conclusions contained in paragraph 54 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 54 of the Complaint.

55. No response is required for the legal conclusions contained in paragraph 55 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 55 of the Complaint.

### i. Defendants induce physicians in Cigna's network to promote and refer patients to Elite and Houston Metro through lucrative investment opportunities.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants admit that physicians owned interests in the surgical centers. In all other respects, Defendants deny the allegations in paragraph 57 of the Complaint.

58. No response is required for the legal conclusions contained in paragraph 58 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 58 of the Complaint.

### ii. Defendants engage in fraudulent fee-forgiving to induce patients to accept expensive out-of-network care

59. No response is required for the legal conclusions contained in paragraph 59 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 60 of the Complaint. The allegations in paragraph 60 are therefore denied.

61. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 61 of the Complaint. The allegations in paragraph 61 are therefore denied.

62.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 62 of the Complaint. The allegations in paragraph 62 are therefore denied.

63.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 63 of the Complaint. The allegations in paragraph 63 are therefore denied.

64.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 64 of the Complaint. The allegations in paragraph 64 are therefore denied.

65.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 65 of the Complaint. The allegations in paragraph 65 are therefore denied.

66.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 66 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 66 of the Complaint.

67.     No response is required for the legal conclusions contained in paragraph 67 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 67 of the Complaint. The allegations in paragraph 67 of the Complaint are therefore denied.

### iii. Defendants' fraudulent fee-forgiving scheme renders their claims not covered under the terms of Cigna's plans.

68. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 68 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 68 of the Complaint.

69. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 69 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 69 of the Complaint.

70. No response is required for the legal conclusions contained in paragraph 70 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 70 of the Complaint. The allegations in paragraph 70 of the Complaint are therefore denied.

### iv. Defendants defraud Cigna and its plans by submitting phantom claims that do not account for fee-forgiving.

71. No response is required for the legal conclusions contained in paragraph 71 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 71 of the Complaint. The allegations in paragraph 71 of the Complaint are therefore denied.

72.     Defendants admit Cigna has made some payments on claims, in whole or in part, submitted to Cigna for services provided at Elite Center for Minimally Invasive Surgery LLC or Houston Metro Ortho and Spine Surgery Center LLC. No response is required for the legal conclusions contained in paragraph 72 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 72 of the Complaint.

73.     No response is required for the legal conclusions contained in paragraph 73 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 73 of the Complaint.

74.     No response is required for the legal conclusions contained in paragraph 74 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 74 of the Complaint.

**v.      Defendants defraud Cigna and its plans by submitting charges that are vastly inflated over the value that Defendants place on their services in fee disclosures provided to Cigna plan members**

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     No response is required for the legal conclusions contained in paragraph 77 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny that Cigna relied on material misrepresentations and/or omissions in making approximately $8 million in payments to Defendants. No response is required for the legal conclusions contained in paragraph 79 of the Complaint. In all

other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 79 of the Complaint. The allegations in paragraph 79 of the Complaint are therefore denied.

> **vi.      Defendants have attempted to conceal their fraudulent fee-forgiving scheme from Cigna.**

80.      Defendants admit that Cigna transmitted letters dated March 3, 2014 and March 4, 2014. No response is required for the legal conclusions contained in paragraph 80 of the Complaint. In all other respects, Defendants lack knowledge or information to form a belief about the truth of the allegations in paragraph 80 of the Complaint. The allegations in paragraph 80 of the Complaint are therefore denied.

81.      Defendants admit that Cigna communicated that it would deny payment in full and that the parties exchanged correspondence regarding Cigna's decision to deny payment in full or in part. No response is required for the legal conclusions contained in paragraph 81 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 81 of the Complaint.

82.      Defendants admit that Cigna has denied payment in full or in part. No response is required for the legal conclusions contained in paragraph 82 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 82 of the Complaint.

> **vii.      Defendants' fraudulent scheme violates Cigna's plans, Texas law, and public policy.**

83.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain.

No response is required for the legal conclusions contained in paragraph 83 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 84 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 84 of the Complaint.

85.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding what the provisions of Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 85 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 85 of the Complaint.

86.     Defendants deny the allegations in paragraph 86 of the Complaint

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     No response is required for the legal conclusions contained in paragraph 91 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 91 of the Complaint.

## V. Causes of Action

### A. *Common Law Fraud*

92.     Defendants incorporate by reference their denials and admissions to the paragraphs 1-91 of the Complaint. Defendants deny all other allegations in paragraph 92 of the Complaint.

93.     No response is required for the legal conclusions contained in paragraph 93 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 93 of the Complaint.

94.     No response is required for the legal conclusions contained in paragraph 94 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 94 of the Complaint.

95.     No response is required for the legal conclusions contained in paragraph 95 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 95 of the Complaint.

96.     No response is required for the legal conclusions contained in paragraph 96 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 96 of the Complaint.

97.     No response is required for the legal conclusions contained in paragraph 97 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 97 of the Complaint.

98.    No response is required for the legal conclusions contained in paragraph 98 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 98 of the Complaint.

99.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding the provisions Cigna's plans contain. No response is required for the legal conclusions contained in paragraph 99 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 99 of the Complaint.

100.    Defendants admit that Cigna issued payments to Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Cigna paid certain amounts of its own funds on behalf of its fully-insured plans and other amounts on behalf of the self-funded employer plans under which Cigna administers claims. No response is required for the legal conclusions contained in paragraph 100 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 100 of the Complaint.

101.    No response is required for the legal conclusions contained in paragraph 101 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants admit that Elite Center for Minimally Invasive Surgery LLC and Houston Metro Ortho and Spine Surgery Center LLC submitted, or caused to be submitted, claims to Cigna seeking reimbursement. No response is required for the

legal conclusions contained in paragraph 102 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 102 of the Complaint.

103.    No response is required for the legal conclusions contained in paragraph 103 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 103 of the Complaint.

B.    *Money Had and Received*

104.    Defendants incorporate by reference their denials and admissions to the paragraphs 1-103 of the Complaint. Defendants deny all other allegations in paragraph 104 of the Complaint.

105.    No response is required for paragraph 105 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for money had and received by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 105 of the Complaint, and Defendants deny all other allegations in paragraph 105 of the Complaint.

106.    No response is required for paragraph 106 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for money had and received by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 106 of the Complaint, and Defendants deny all other allegations in paragraph 106 of the Complaint.

107.    No response is required for paragraph 107 as the Court dismissed or found preempted by ERISA Cigna's claim for money had and received by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 107 of the Complaint, and Defendants deny all other allegations in paragraph 107 of the Complaint.

108.    No response is required for paragraph 108 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for money had and received by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 108 of the Complaint, and Defendants deny all other allegations in paragraph 108 of the Complaint.

C.    *Negligent Misrepresentation*

109.    Defendants incorporate by reference their denials and admissions to the paragraphs 1-108 of the Complaint. Defendants deny all other allegations in paragraph 109 of the Complaint.

110.    No response is required for the legal conclusions contained in paragraph 110 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 110 of the Complaint.

111.    No response is required for the legal conclusions contained in paragraph 111 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 111 of the Complaint.

D.   *Promissory Estoppel*

112.   Defendants incorporate by reference their denials and admissions to the paragraphs 1-111 of the Complaint. Defendants deny all other allegations in paragraph 112 of the Complaint.

113.   No response is required for paragraph 113 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for promissory estoppel by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 113 of the Complaint, and Defendants deny all other allegations in paragraph 113 of the Complaint.

114.   No response is required for paragraph 114 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for promissory estoppel by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 114 of the Complaint, and Defendants deny all other allegations in paragraph 114 of the Complaint.

115.   No response is required for paragraph 115 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for promissory estoppel by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 115 of the Complaint, and Defendants deny all other allegations in paragraph 115 of the Complaint.

E. *Unjust Enrichment*

116. Defendants incorporate by reference their denials and admissions to the paragraphs 1-115 of the Complaint. Defendants deny all other allegations in paragraph 116 of the Complaint.

117. No response is required for paragraph 117 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 117 of the Complaint, and Defendants deny all other allegations in paragraph 117 of the Complaint.

118. No response is required for paragraph 118 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 118 of the Complaint, and Defendants deny all other allegations in paragraph 118 of the Complaint.

119. No response is required for paragraph 119 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 119 of the Complaint, and Defendants deny all other allegations in paragraph 119 of the Complaint.

120.     No response is required for paragraph 120 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 120 of the Complaint, and Defendants deny all other allegations in paragraph 120 of the Complaint.

121.     No response is required for paragraph 121 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 121 of the Complaint, and Defendants deny all other allegations in paragraph 121 of the Complaint.

122.     No response is required for paragraph 122 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 122 of the Complaint, and Defendants deny all other allegations in paragraph 122 of the Complaint.

123.     No response is required for paragraph 123 of the Complaint as the Court dismissed or found preempted by ERISA Cigna's claim for unjust enrichment by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, no response is required for the legal conclusions contained in paragraph 123

of the Complaint, and Defendants deny all other allegations in paragraph 123 of the Complaint.

F. *Tortious Interference with Contract*

124. Defendants incorporate by reference their denials and admissions to the paragraphs 1-123 of the Complaint. Defendants deny all other allegations in paragraph 124 of the Complaint.

125. No response is required for the legal conclusion contained paragraph 125 of the complaint.

126. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 126 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 126 of the Complaint.

127. No response is required for the legal conclusions contained in paragraph 127 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 127 of the Complaint.

128. No response is required for the legal conclusions contained in paragraph 128 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 128 of the Complaint.

129. No response is required for the legal conclusions contained in paragraph 129 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 129 of the Complaint.

130.     No response is required for the legal conclusions contained in paragraph 130 of the Complaint.   In all other respects, Defendants deny the allegations in paragraph 130 of the Complaint.

131.     Defendants admit that Cigna issued payments to Elite Center for Minimally Invasive Surgery LLC and Houston Metro Ortho and Spine Surgery Center LLC. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation regarding that Cigna paid certain amounts of its own funds on behalf of its fully-insured plans and other amounts on behalf of the self-funded employer plans under which Cigna administers claims. No response is required for the legal conclusions contained in paragraph 131 of the Complaint.   In all other respects, Defendants deny the allegations in paragraph 131 of the Complaint.

132.     No response is required for the legal conclusions contained in paragraph 132 of the Complaint.   In all other respects, Defendants deny the allegations in paragraph 132 of the Complaint.

G.     *Injunctive Relief*

133.     Defendants incorporate by reference their denials and admissions to the paragraphs 1-132 of the Complaint. Defendants deny all other allegations in paragraph 133 of the Complaint.

134.     No response is required for the legal conclusions contained in paragraph 134 of the Complaint.   In all other respects, Defendants deny the allegations in paragraph 134 of the Complaint.

135. No response is required for the legal conclusions contained in paragraph 135 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 135 of the Complaint, and Defendants further deny that Cigna is entitled to any of the relief requested in paragraph 135 of the Complaint.

136. No response is required for the legal conclusions contained in paragraph 136 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 136 of the Complaint, and Defendants further deny that Cigna is entitled to any of the relief requested in paragraph 136 of the Complaint.

137. No response is required for the legal conclusions contained in paragraph 137 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 137 of the Complaint, and Defendants further deny that Cigna is entitled to any of the relief requested in paragraph 137 of the Complaint.

H. *Declaratory Judgment*

138. Defendants incorporate by reference their denials and admissions to the paragraphs 1-137 of the Complaint. Defendants deny all other allegations in paragraph 138 of the Complaint.

139. No response is required for paragraph 139 of the Complaint as the Court dismissed Cigna's claim for declaratory judgment that Defendants violated Texas statutory laws by the Court's Memorandum and Order entered February 15, 2017. To the extent a response is required, Defendants deny all other allegations in paragraph 139 of the Complaint.

I.      *Equitable Relief Under ERISA § 502(a)(3) (ERISA Plans)*

140.    Defendants incorporate by reference their denials and admissions to the paragraphs 1-139 of the Complaint. Defendants deny all other allegations in paragraph 140 of the Complaint.

141.    No response is required for the legal conclusions contained in paragraph 141 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 141 of the Complaint.

142.    No response is required for the legal conclusions contained in paragraph 142 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 142 of the Complaint.

143.    No response is required for the legal conclusions contained in paragraph 143 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 143 of the Complaint.

144.    No response is required for the legal conclusions contained in paragraph 144 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 144 of the Complaint.

145.    No response is required for the legal conclusions contained in paragraph 145 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 145 of the Complaint.

146.     Defendants admit that Elite Center for Minimally Invasive Surgery LLC and Houston Metro Ortho and Spine Surgery Center LLC obtained assignment of benefits from Cigna plan members and submitted claims for reimbursement to Cigna. No response is required for the legal conclusions contained in paragraph 146 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 146 of the Complaint.

147.     No response is required for the legal conclusions contained in paragraph 147 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 147 of the Complaint

148.     No response is required for the legal conclusions contained in paragraph 148 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 148 of the Complaint.

149.     Defendants admit the allegations in paragraph 149 of the Complaint.

150.     No response is required for the legal conclusions contained in paragraph 150 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 150 of the Complaint.

151.     No response is required for the legal conclusions contained in paragraph 151 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 151 of the Complaint.

152.     No response is required for the legal conclusions contained in paragraph 152 of the Complaint. In all other respects, Defendants lack sufficient knowledge or

information to form a belief about the truth of the allegations in paragraph 152 of the Complaint.

153.    No response is required for the legal conclusions contained in paragraph 153 of the Complaint. In all other respects, Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 153 of the Complaint.

154.    No response is required for the legal conclusions contained in paragraph 154 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 154 of the Complaint, and Defendants further deny that Cigna is entitled to recover any payments made to Defendants.

155.    No response is required for the legal conclusions contained in paragraph 155 of the Complaint.  In all other respects, Defendants deny the allegations in paragraph 155 of the Complaint, and Defendants further deny that Cigna is entitled to any of the relief requested in paragraph 155 of the Complaint.

J.    *Civil Conspiracy*

156.    Defendants incorporate by reference their denials and admissions to the paragraphs 1-155 of the Complaint. Defendants deny all other allegations in paragraph 156 of the Complaint.

157.    No response is required for the legal conclusions contained in paragraph 157 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 157 of the Complaint.

158.    No response is required for the legal conclusions contained in paragraph 158 of the Complaint. In all other respects, Defendants deny the allegations in paragraph 158 of the Complaint. Defendants further deny that Cigna is entitled to any of the relief requested in paragraph 158 of the Complaint.

## VI.    Discovery Rule

159.    No response is required to the legal conclusions in paragraph 159 of the Complaint. In all other respects, Defendants deny the allegations contained in paragraph 159 of the Complaint, and Defendants further deny that Cigna is entitled to rely on the discovery rule in this case.

## VII.    Exemplary Damages

160.    Defendants incorporate by reference their denials and admissions to the paragraphs 1-159 of the Complaint. Defendants deny all other allegations in paragraph 160 of the Complaint.

161.    No response is required to the legal conclusions in paragraph 161 of the Complaint. In all other respects, Defendants deny the allegations contained in paragraph 161 of the Complaint, and Defendants further deny that Cigna is entitled to recover exemplary damages in this case.

## VIII.   Attorneys' Fees

162.    Defendants incorporate by reference their denials and admissions to the paragraphs 1-161 of the Complaint. Defendants deny all other allegations in paragraph 162 of the Complaint.

163.     No response is required to the legal conclusions in paragraph 163 of the Complaint. In all other respects, Defendants deny the allegations contained in paragraph 163 of the Complaint, and Defendants further deny that Cigna is entitled to any attorneys' fees in this case.

## IX.     Conditions Precedent

164.     No response is required to the legal conclusions in paragraph 164 of the Complaint. In all other respects, Defendants deny the allegations contained in paragraph 164 of the Complaint, and Defendants further deny that Cigna has performed all conditions precedent or that conditions precedent have otherwise been waived.

## X.     Jury Demand

165.     No response is required to paragraph 165 of the Complaint.

## XI.     Prayer

166.     No response is required to the legal conclusions in the Prayer of the Complaint. In all other respects, Defendants deny the allegations contained in the Prayer of the Complaint, and Defendants further deny that Cigna is entitled to any of the relief requested in the Prayer.

167.     All factual assertions contained in the Complaint not expressly admitted by Defendants are denied.

# Defenses and Affirmative Defenses

168.     Cigna's claims fail to the extent they are premised on a legally incorrect interpretation of Cigna's employee health and welfare benefit plans.

169. With respect to Cigna's claims governed by ERISA, Cigna's claims fail to the extent they seek relief that is not equitable in nature. Specifically, Cigna cannot establish a basis for equitable relief based on the "tracing" method or establish equitable relief based on lien by agreement.

170. With respect to Cigna's claims governed by ERISA, Cigna's claims seek the repayment of benefits Cigna paid to Defendants pursuant to employee health and welfare benefit plans governed by ERISA. ERISA preempts any and all state law claims asserted by Cigna related to those employee health and welfare benefit plans.

171. With respect to Cigna's claims governed by ERISA, Cigna's remedies for any alleged acts or omissions are limited to those afforded by ERISA.

172. Cigna's reliance, if any, was neither reasonable, substantial, detrimental, nor foreseeable.

173. Cigna's damages, if any, were caused in whole or in part by Cigna's own acts or omissions.

174. Cigna's damages, if any, should be reduced by the amount attributable to Cigna's failure to mitigate its damages.

175. Cigna's damages, if any, should be offset by the amount of any underpayment or nonpayment by Cigna of claims Defendants submitted to Cigna for reimbursement.

176. Cigna's claims are barred, in whole or in part, by the voluntary payment rule.

177.    Cigna's claims against Defendants are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, applicable limitations periods, illegality, or unclean hands.

178.    Defendants reserve the right to amend or supplement their affirmative defenses as they obtain additional information through discovery or otherwise.

## Prayer

Defendants/Counter-Plaintiffs Elite Center for Minimally Invasive Surgery LLC and Houston Metro Ortho and Spine Surgery Center LLC and Defendant Elite Ambulatory Surgery Centers LLC d/b/a Elite Surgical Affiliates pray that upon final trial or hearing they be awarded judgment; that Plaintiffs/ Counter-Defendants take nothing on their claims; that Defendants be awarded their costs of court and attorneys' fees; and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

By: */s/ Craig B. Florence*_____
      Craig B. Florence
      State Bar No. 07158010
      Southern District of Texas No. 14743
      Sadie F. Butler
      State Bar No. 24085234
      Southern District of Texas No. 2924139
      **GARDERE WYNNE SEWELL LLP**
      2021 McKinney Avenue, Suite 160
      Dallas, Texas 75201
      (214) 999-3000

      **ATTORNEYS FOR DEFENDANTS ELITE CENTER FOR MINIMALLY INVASIVE SURGERY LLC, HOUSTON METRO ORTHO AND SPINE SURGERY CENTER LLC, AND ELITE AMBULATORY SURGERY CENTERS LLC D/B/A ELITE SURGICAL AFFILIATES**

### Certificate of Service

On March 8, 2017, the undersigned electronically filed this document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      */s/ Sadie F. Butler*_____
      Sadie F. Butler