UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-00571 |
| | § | |
| ELITE CENTER FOR MINIMALLY INVASIVE SURGERY LLC, *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTION FOR CLARIFICATION

Pending before the Court is the Motion for Clarification filed by Defendants Elite Ambulatory Surgery Centers LLC d/b/a Elite Surgical Affiliates, Elite Center for Minimally Invasive Surgery and Houston Metro Ortho and Spine Surgery Center (collectively, "Elite Centers"). (Doc. No. 29.) After considering the motion, the responses thereto, and all applicable law, the Court determines that the motion must be granted in part and denied in part.

**I.  BACKGROUND**

This case arises out of a dispute over the obligation of an insurer to pay surgical care centers for medical services provided to insured patients. The Elite Centers contend that they are owed reimbursements for services they provided to patients who were members of certain employee health and welfare benefits plans ("the plans"). Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "Cigna") maintain that they do not owe monies to the Elite Centers and in fact are entitled to recover payments that were issued to the Elite Centers, in contravention of the plan terms. The Court

described the parties' claims at length in its Memorandum and Order ("Order"), issued on February 15, 2017. (Doc. No. 24.)

That Order granted in part and denied in part the Elite Centers' motion to dismiss all claims by Cigna. Specifically, the Court denied the Elite Centers' motion to dismiss Cigna's claim under the Employment Retirement Income Security Act of 1974 ("ERISA"). The Court's analysis of the ERISA claim created undue confusion. After receiving the Order, the Elite Centers filed a request "to clarify whether and to what extent the Court must evaluate whether Cigna abused its discretion in ruling on Cigna's ERISA claims." (Doc. No. 29 at 1.) After considering the Elite Centers' question and the applicable law, the Court now amends its analysis of Cigna's ERISA claim, although the ultimate decision regarding dismissal remains the same.

## II. ANALYSIS

The parties and the Court agree that Cigna sued under ERISA § 502(a)(3) to enforce and redress violations of the healthcare benefits plan terms. (Doc. No. 1 ¶ 143.) The plans purportedly delegate Cigna to serve as the authorized claims fiduciary "to interpret and apply Plan terms," including "the determination of whether a person is entitled to benefits under the plan and the computation of any and all benefit payments."[1] (Doc. No. 1 ¶ 25.) The plans also authorize Cigna to collect overpayments made on behalf of the plans by recovering funds or offsetting the overpayment amount from future benefits claims payments. (Doc. No. 1 ¶ 34.)

In the first stage of its analysis of Cigna's ERISA claim, the Court engaged in a two-part inquiry, which courts routinely apply for challenges to benefits determinations brought under ERISA § 502(a)(1). The Court applied an abuse of discretion standard, asking first if Cigna's interpretation of the plan was legally correct and then whether Cigna abused its discretion in

---

[1] As in the original motion to dismiss, facts pled by Cigna are accepted as true at this stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

2

interpreting the plan language as it did. *See Anderson v. Cytec Indus.*, 619 F.3d 505, 512 (5th Cir. 2010). *See also Gosselink v. Am. Tel. & Tel.*, 272 F.3d 722, 726 (5th Cir. 2001). The Court found that Cigna's interpretation of the plan was legally incorrect. Despite this, the Court did not rule on Cigna's ERISA claim because the abuse of discretion question is fact intensive and inappropriate to decide at the motion to dismiss stage.

The Court now finds that it should not have engaged in this abuse of discretion analysis for Cigna's § 502(a)(3) claim. Logic alone reveals that the inquiry does not function smoothly for a claim like Cigna's. When Cigna sued under § 502(a)(3), it sought to recover overpayments it had already issued to the Elite Centers, after realizing it had been billed in violation of the plan terms (according to Cigna's interpretation). Thus, Cigna did not make an adverse benefits determination regarding these payments. The factors applied in the abuse of discretion inquiry— whether the plan administrator had a conflict of interest, the internal consistency of the plan, the factual background of the determination, and any inferences of lack of good faith—presuppose an adverse determination. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 196 (5th Cir. 2015). The Elite Centers are understandably confused about how to apply these factors to Cigna's conduct, when Cigna originally made a benefits determination favorable to the Elite Centers, and only later claimed those payments were improper. Given the inapplicability of the abuse of discretion factors, the Court must either provide an alternate set of factors responsive to the present scenario, or return to the foundation of its analysis. The latter option is appropriate.

At this stage of litigation, the Court did not need to and should not have applied the two-part test discussed above. Cigna's interpretation of the plan language will almost certainly be relevant in order to prevail on its ERISA claim, but this is not the inquiry courts use at the outset

3

in § 502(a)(3) claims. Instead, courts have focused on whether a party's § 502(a)(3) claims seek equitable relief. *See, e.g., Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., LLC*, No. 4:13-CV-3291, 2016 WL 3077405, at *9 (S.D. Tex. June 1, 2016) (finding against Cigna after trial because § 502(a)(3) claims do not sound in equity); *Connecticut Gen. Life Ins. Co. v. Sw. Surgery Ctr., LLC*, No. 14 CV 08777, 2015 WL 6560536, at *5 (N.D. Ill. Oct. 29, 2015) (assessing if Cigna seeks equitable or legal relief at motion to dismiss stage); *Connecticut Gen. Life Ins. Co. v. True View Surgery Ctr. One, LP*, 128 F. Supp. 3d 501, 511 (D. Conn. 2015) (same); *Connecticut Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. CIV.A. DKC 14-2376, 2015 WL 4394408, at *5 (D. Md. July 15, 2015) (same). *Cf. Arapahoe Surgery Ctr., LLC v. Cigna Healthcare, Inc.*, 171 F. Supp. 3d 1092, 1114 (D. Colo. 2016) (considering permissibility of Cigna's plan interpretation at summary judgment stage). The Court should have limited its analysis of Cigna's ERISA claim to the question of whether Cigna requested equitable relief. After considering widespread views on this issue, the Court found that some of Cigna's relief sought under ERISA sound in equity. Therefore, Cigna's § 502(a)(3) claims survived the motion to dismiss. The Court stands by this finding today.

The Court must clarify one further point of potential confusion. In their motion to dismiss, the Elite Centers argued, and this Court then found, that the question of Cigna's interpretation of the plan was precluded by an earlier decision in this district, *Connecticut General Life Insurance Co., et al. v. Humble Surgical Hosp., LLC*, C.A. No. 4:13-cv-3291, 2016 WL 3077405 (S.D. Tex. Jun. 1, 2016) (hereinafter "*Humble*"). "Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). The Court maintains that the

4

language of the contract and Cigna's interpretation were the same in *Humble* and the instant case, and were actually litigated in *Humble*. Despite this, the Court should not have found a preclusive effect over Cigna's claim at the motion to dismiss stage. As discussed above, the Court conflated the inquiry it should apply to Cigna's claim under § 502(a)(3) and the Elite Center's counterclaim under § 502(a)(1). The *Humble* court assessed the plan interpretation in the context of § 502(a)(1) claims, where it applied an abuse of discretion standard to review Cigna's denial of benefits. In contrast, this Court did not need to consider Cigna's interpretation of the plan in order to determine if it had stated a cognizable claim for relief under ERISA § 502(a)(3). Therefore, the Court finds that *Humble* does not have a preclusive effect on the interpretation of Cigna's § 502(a)(3) claim at the motion to dismiss stage. The court may consider the effect of *Humble* for other claims in this action and/or at other stages of litigation.

This modification of the Court's Order does not change the ultimate decision, as Cigna's § 502(a)(3) claim survives the motion to dismiss regardless. The primary difference in this new order is that the Court makes no final determination about whether Cigna's interpretation of the plan language was legally correct, for purposes of Cigna's § 502(a)(3) claim. The Court anticipates that it will be faced with this question later in the litigation, and will consider the relevant facts and law at that time.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Elite Centers' Motion for Clarification. This Memorandum and Order shall replace the analysis in the Court's Order Section IV(A)(1) (Doc. No. 24), pertaining to Cigna's interpretation of the plan. The Order otherwise remains unchanged.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on the 4th of May, 2017.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE