IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>    Plaintiffs,<br><br>vs.<br><br>ELITE CENTER FOR MINIMALLY INVASIVE SURGERY LLC; HOUSTON METRO ORTHO AND SPINE SURGERY CENTER LLC; and ELITE AMBULATORY SURGERY CENTERS LLC d/b/a ELITE SURGICAL AFFILIATES<br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § §<br><br>JURY DEMANDED<br><br>CIVIL ACTION NO. 4:16-cv-00571 |

## PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**ANDREWS KURTH KENYON, LLP**

John B. Shely
jshely@andrewskurth.com
Laura Trenaman
lauratrenaman@andrewskurth.com
Brian C. Pidcock
brianpidcock@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002

**ATTORNEYS FOR PLAINTIFFS**

Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (together, "Cigna") file this Motion to Compel Production of Documents ("Motion") from Defendants Elite Center for Minimally Invasive Surgery, LLC ("Elite"), Houston Metro Ortho and Spine Surgery Center, LLC ("Houston Metro"), and Elite Ambulatory Surgery Centers, LLC d/b/a/ Elite Surgical Affiliates ("Elite Affiliates") (together, "Defendants").

## I.
## INTRODUCTION

Without any basis, Defendants are withholding production of highly relevant documents that are responsive to 49 of Cigna's 67 document requests. The only documents with any material substance that Defendants have produced thus far are patient registration files and a handful of internal policies. These documents, however, do not provide any information about the most crucial aspects of this case—*i.e.*, Defendants' out-of-network referral and fraudulent billing scheme. Both parties have asserted causes of action concerning the propriety of Defendants' referral and billing practices. Cigna contends that Defendants' practices constitute fraud, and Defendants seek a declaration that they did nothing wrong and did not engage in fraud. Thus, information about Defendants' billing practices is plainly relevant and discoverable.

Defendants' discovery responses confirm that Defendants possess responsive documents, but that such information has been withheld based on baseless objections on relevance. Cigna has conferred with Defendants on numerous occasions over the last several months in an effort to resolve this dispute informally. Cigna has described in detail the types of documents sought and how the information is relevant and material to the

lawsuit. Still, Defendants refuse to participate in the discovery process, and their resistance has only increased with time.

The Motion should be granted because the documents sought are highly relevant to Cigna's affirmative claims and defenses to Defendants' counterclaim, and Defendants have no basis for refusing to produce. Court intervention is necessary for a just and speedy determination of this discovery dispute, which has reached an impasse. Without the Court's assistance, Cigna is unable to schedule and take effective depositions or prepare its case for trial.

## II
## BACKGROUND

### A.   Nature of the Case

This is a fraudulent healthcare billing case. Cigna administers healthcare benefit claims on behalf of numerous employee welfare benefit plans, many of which are funded by employers (including private companies, nonprofits, municipalities, school districts, and churches). Elite and Houston Metro are two out-of-network surgical facilities, which are managed and owned by Elite Affiliates. Collectively, Defendants billed and received payment from Cigna for facility fees (*e.g.*, operating room charges) relating to services provided to patients and members of benefit plans for which Cigna administers claims. Cigna sued Defendants for fraud and other causes of action to recover millions of dollars in facility fees that Cigna unknowingly overpaid to Defendants as the result of an alleged fraudulent billing scheme, which Cigna uncovered after an investigation.[1]

Defendants responded to Cigna's Complaint by filing a counterclaim for alleged underpayment and non-payment of benefit claims and for a declaration that Defendants

---

[1] ECF No. 1 (Cigna's Original Complaint).

"did not engage in fraud or misrepresentation by attempting to collect benefits from Cigna."[2] Cigna's Complaint and Defendants counterclaim place Defendants' billing scheme at the forefront of this litigation.

B.  **Defendants' Billing Scheme**

Defendants' billing scheme has three parts, each dependent on the other.[3] First, Defendants incentivize physicians participating in Cigna's network to refer their patients for out-of-network surgery at Elite and Houston Metro, rather than other available network facilities in the area. These incentives include ownership in the facilities, distributions, and other forms of remuneration given to doctors in exchange for patient referrals.[4] Elite and Houston Metro do not provide emergency services, but primarily provide physicians with an operating facility for out-patient surgeries. Absent physician referrals, patients have no economic reason to choose Elite and Houston Metro over other available facilities in Cigna's network.[5]

Second, once patients are referred, Defendants provided false and misleading information to patients about the consequences of going out-of-network. In particular, Defendants represent that patients will not be required to pay any more than what they would pay at an in-network facility.[6] To make good on this promise, Defendants waive all

---

[2] ECF No. 14 (Defendant's Original Counterclaim) at ¶ 70.

[3] Similar schemes have been ruled improper. *See Aetna Life Ins. Co. v. Humble Surgical Hosp. LLC*, No. 12-1206 (S.D. Tex. Dec. 31, 2016), ECF No. 310.

[4] The Texas Solicitation of Patients Act prohibits the knowing offer or acceptance of any remuneration in exchange for securing or soliciting a patient or patronage for or from a person licensed, certified, or registered by a Texas agency. TEX. OCC. CODE § 102.001.

[5] Exhibit A (Cigna Patient Survey) (stating that doctor referred patient to facility). Because a number of the exhibits to the Motion contain patient health information protected under HIPPA, Cigna files the exhibits under seal out of an abundance of caution.

[6] Exhibit B (Cigna Patient Survey) (stating that billing would be like in-network).

or part of the patient's out-of-network cost-share obligation (*i.e.*, deductible and co-insurance), often documenting the waiver as a "financial hardship." Curiously, financial hardships are common place at Elite and Houston Metro, as Defendants routinely encourage patients to sign one-page forms to this effect.[7] Defendants' practice is nothing more than a strategy to eliminate the patients' obligation of paying higher costs for going out-of-network and to keep economically rational patients from turning away.

Third, Defendants submit claims for benefits to Cigna under a certification that the billing information is "true, accurate, and complete."[8] Operating on the honor system, Cigna accepted Defendants' representations at face value and paid Defendants nearly $8 million from January 2010 to March 2014. In reality, however, Defendants' claims were false because they contained inflated, out-of-network charges (not the in-network charges promised to patients) and failed to disclose that the patients' out-of-network cost-share obligations had been waived or that Defendants had illegally solicited patients from referring physicians. The illicit conditions under which Defendants acquire patients and submit bills has caused substantial harm to Cigna and the employers that sponsor the health benefit plans at issue.

C.  **Cigna's Investigation**

Cigna investigated Defendants' billing practices and identified behavior consistent with illegal and improper waiver of the member's cost-share obligations and charges to Cigna for out-of-network facility fees that its members were never obligated to pay.[9] Cigna

---

[7] Exhibit C (Elite and Houston Metro Patient Statements).

[8] Exhibit D (UB-04 standard claim form for institutional providers) (reflecting certification that information is "true, accurate, and complete"); Exhibit E (exemplar claims from Defendants).

[9] Exhibit F (Letter from Cigna to Defendants, dated March 4, 2014).

informed Defendants in March 2014, that claims going forward would no longer be paid upfront without verification and due proof of loss—*i.e.*, evidence that Defendants had obligated the members to pay their full out-of-network deductible and co-insurance. Defendants, however, rebuffed Cigna's requests for due proof of loss, and this lawsuit followed.

**D.    The Discovery Dispute**

Cigna served its First Request for Production to Defendants on March 24, 2017, with document requests relevant to each of the three parts to Defendants' scheme.[10] Defendants responded with numerous baseless and boiler-plate objections claiming that Cigna's requests are "irrelevant," "vague," "overbroad" or "unduly burdensome."[11] For the majority of the requests (42 out of 58 to be exact), Defendants stated that they are "stand[ing] on the foregoing objections and are withholding responsive documents."[12] Cigna also requested information relevant to Defendants' counterclaim against Cigna, which seeks, among other things, a declaration that Defendants "did not engage in fraud or misrepresentation by attempting to collect benefits from Cigna."[13] Oddly, Defendants objected to these requests as well, stating again that they are "withholding responsive information."[14]

Cigna notified Defendants of their deficient discovery responses in June 2017. Since then, Cigna has worked patiently and in good faith to resolve the dispute informally and

---

[10] Exhibit G (Cigna's First Request for Production) at Request Nos. 1-55, 65-67.

[11] Exhibit H (Defendants' Responses and Objections to Cigna's First Request for Production).

[12] *Id.* at Request Nos. 2, 3, 4, 5, 6, 9, 10, 15, 18, 19, 20, 23, 24, 25, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 48, 49, 50, 51, 52, 53, 54, 65, 66, and 67.

[13] *Id.* at Request Nos. 56, 57, 58, 59, 60, 62, 63, and 64; ECF No. 13 (Defendants' Original Counterclaim) at ¶ 70.

[14] Exhibit H (Defendants' Objections) at Request Nos. 56, 58, 59, 60, 62, 63, and 64.

without Court intervention.[15] After multiple emails and numerous phone conferences, Cigna has reached a dead end. Still to date, Defendants refuse to produce documents that are highly relevant to the material issues in the case. Without this basic information, the case cannot progress. Accordingly, Cigna moves to compel.

## II.
## ARGUMENT

Materials and information are discoverable if they are "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Because the information Cigna seeks is relevant to its claims and defenses in this case, Defendant should be compelled to produce without further delay.

**E. Documents Evidencing Defendants' Remuneration for Referrals are Highly Relevant To Cigna's Claims and Defenses—Request Nos. 2-6, 10, 25, 43-44, 51-54, 65-67**

Defendants should be compelled to produce documents evidencing the remuneration given to physicians for referring patients to Elite and Houston Metro. This category of documents pertains to the first pillar of Defendants' three-part scheme. Defendants primarily refuse to produce documents responsive to these requests as "irrelevant":[16]

> Request Nos. 2-4, 52-54, 65-67: Defendants refuse to produce information about their business organization and ownership, including the physicians that have an ownership or investment interest, the nature of such ownership interests, and how physicians are recruited to invest.
>
> Request No. 6: Defendant refuse to produce information about the management relationship between Elite Affiliates (manager) and Elite and Houston Metro (surgical facilities).

---

[15] Exhibit I (Email from Cigna's counsel to Defendants' counsel, dated June 29, 2017).

[16] To the extent Defendants contend their other general objections warrant withholding documents, those objections also are without merit.

<u>Request No. 10</u>: Defendants refuse to produce information about their relationship with physicians, including agreements with doctors to refer patients and use Elite and Houston Metro to perform surgeries.

<u>Request Nos. 25, 51</u>: Defendants refuse to produce information about their referral source of Cigna patients, including the manner in which patients are referred and by which physicians.

<u>Request Nos. 43-44</u>: Defendants refuse to produce information about the remuneration they provided to physicians for referring patients to the facilities.

Defendants' objections ignore that each of these requests are tied directly to specific allegations in Cigna's Complaint. For example, the information sought will provide substantial evidence of how Defendants improperly provided investment incentives and other forms of remuneration to physicians as a reward for referring patients to Elite and Houston Metro. Likewise, documents pertaining to internal dealings between Defendants would easily reveal that certain physicians and potential investors were targeted to aid in the alleged scheme. Finally, evidence of the structure and management of the facilities would reveal how remuneration for patient referrals is both encouraged and maintained by Defendants.

Defendants' objections also overlook that Cigna's requests are directly relevant to Defendants' counterclaim. Defendants have alleged that they did nothing wrong or illegal, and they are seeking a declaration that they "did not engage in fraud or misrepresentation."[17] Defendants thus have no basis for objecting to document requests that are relevant to allegations that Defendants themselves have placed at issue. *See, e.g.*, *Tango Transp., LLC v. Transp. Int'l Pool, Inc.*, No. 08-0559, 2009 WL 1458223, at *4 (W.D. La. May

---

[17] ECF No. 13 (Defendants' Original Counterclaim) at ¶ 70.

21, 2009) (granting motion to compel production where documents sought were relevant to the responding parties' defenses).

Defendants readily admit that they possess responsive documents by claiming, as they must, that information is being "withheld." *See* FED R. CIV. P. 34(b)(2)(C). If Defendants assert relevance objections, then they "must likewise articulate specifically how each discovery request is not relevant . . . ." *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Defendants have not done so. Instead, they assert unacceptably generic objections about relevance under the presumption that proof of Defendants' bad acts somehow "cannot make a fact at issue more or less likely."[18] "These types of boilerplate objections are meaningless and insufficient under the federal rules." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Greystone Servicing Corp., Inc.*, No. 06-5775, 2007 WL 4179864, at *2 (N.D. Tex. Nov. 26, 2007) (granting motion to compel). Defendants' generic and meaningless objections should be overruled.

**F.    Documents Evidencing Defendants' Patient Disclosures and Waiver of Patient Cost-Share Obligations Are Highly Relevant To Cigna's Claims and Defenses—Request Nos. 9, 18-20, 31, 34-42**

Defendants should be compelled to produce documents evidencing their disclosures to patients and waiver of patient cost-share obligations. This category of documents pertains to the second pillar of Defendants' three-part scheme. Like the first pillar, Defendants refuse to produce responsive materials based on the same primary objection of relevance:

> Request No. 9: Defendants refuse to produce information about their use of Patient Statement forms stating that patients "could have a financial need or hardship if required to pay the full amount of [their] deductible and/or coinsurance."

---

[18] Exhibit H (Defendants' Objections) at Request Nos. 2-6, 10, 25, 43-44, 51-54, 65-67.

>Request No. 18-20: Defendants refuse to produce information about the total amount of deductibles and coinsurance Defendants obligated patients to pay for the benefit claims at issue.
>
>Request No. 31: Defendants refuse to produce information about their policies and procedures concerning how Defendants calculate patient out-of-pocket expenses.
>
>Request Nos. 34-42: Defendants refuse to produce information about billing and collection of patient cost share, write-offs of uncollected patient cost share, and patient disclosures of charges, out-of-pocket expenses, and referring physicians.

Defendants' relevancy objections on this second category of documents are based on the same unacceptably generic contention that the information sought "cannot make a fact at issue more or less likely."[19] Again, however, Defendants overlook that each of these requests are tied directly to key issues placed in controversy by both sides. Specifically, the information sought is relevant to Cigna's claim that Defendants misled Cigna members with regard to the nature and actual costs of going out-of-network, improperly waived patient cost-share obligations, and submitted false benefit claims to Cigna, which failed to disclose the conditions under which patients were acquired and charges were billed. The information sought is also relevant to rebut Defendant's allegation and request for declaratory judgment that Defendants "submitted all claims for reimbursement to Cigna in compliance with state and federal laws," "disclosed their status as out-of-network providers to Cigna and patients before scheduling services," and "did not engage in fraud or misrepresentation."[20]

---

[19] *Id.* at Request Nos. 9, 18-20, 31, 34-42.

[20] ECF No. 13 (Defendants' Counterclaim) at ¶ 17.

Defendants' cannot credibly claim that the documents sought are not relevant to the parties' pleaded allegations. Indeed, Defendants' generic relevancy objections speak for themselves and fail to articulate any explanation as to how or why the requested information is not relevant. Defendants' efforts to avoid participating in the discovery process by asserting meaningless relevancy objections should be rejected.

**G. Documents Evidencing Defendants' False and Excessive Charges Are Highly Relevant To Cigna's Claims and Defenses—Request Nos. 21, 23-24, 28-30, 33, 47-50**

Defendants should be compelled to produce documents evidencing their false and excessive charges. This category of documents relates to the third pillar of Defendants' three-part scheme. Defendants object again and refuse to produce under the same boiler-plate objection of relevance:

> Request No. 21, 33: Defendants refuse to produce information about policies and procedures for their billing practices and pricing methodologies, including how billed charges are set.[21]
>
> Request Nos. 23-24: Defendants refuse to produce information about their gross billed charges and profit as an out-of-network provider.
>
> Request Nos. 28-30: Defendants refuse to produce information about complaints Defendants received concerning their billed charges, including complaints from patients, other managed care companies, and government agencies.
>
> Request Nos. 47-50: Defendants refuse to produce information about rates they have agreed to accept with other managed care companies, which are indicative of market value.

Like the prior two categories, Defendants have no basis for refusing to produce documents responsive to these requests. The information sought is highly probative of

---

[21] Although Defendants stated that they would produce their charge master between 2010 and 2015, they have not done so.

Cigna's claims and defenses relative to Defendants' high billed charges. The information will show that Defendants' charges to Cigna are grossly inflated in relation to the pricing used to lure patients to the facilities. Moreover, information regarding the Defendants' methodology for setting their billed charges will show whether there is any structure to Defendants' pricing or reimbursement expectation. Finally, information regarding the rates that Defendants accepted from other insurance companies for the same time period will be probative on the issue of damages and the reasonable reimbursement amounts for the benefit claims at issue in this case.

Because Cigna's document requests seek information that is relevant to central issues in the case for both sides, and because Defendants have no basis for objecting or avoiding the discovery process on these issues, Defendants should be compelled to produce.

### III.
### CONCLUSION

Cigna respectfully requests that this Court grant this Motion, compel Defendants to produce the requested documents referenced herein, and award Cigna such other and further relief at law or in equity to which it may be justly entitled.

Respectfully submitted,

**ANDREWS KURTH KENYON, LLP**

By: *s/ John B. Shely*
    **John B. Shely**
    Texas State Bar No. 18215300
    Southern District of Texas No. 7544
    jshely@andrewskurth.com
    **Laura Trenaman**
    Texas State Bar No. 00798553
    Southern District of Texas No. 23815
    lauratrenaman@andrewskurth.com
    **Brian C. Pidcock**
    Texas State Bar No. 24074895
    Southern District of Texas No. 1654553
    brianpidcock@andrewskurth.com
    600 Travis Street, Suite 4200
    Houston, Texas 77002
    (713) 220-4200

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 10, 2017, a true and correct copy of the foregoing was served on all counsel of record by electronic service via the Case Management Electronic Case Filing (CM/ECF) for the U.S. District Court for the Southern District of Texas.

                                          */s/ Brian C. Pidcock*
                                          Brian C. Pidcock

**CERTIFICATE OF CONFERENCE**

      I hereby certify that, from June 28, 2017 through September 2017, I conferred with counsel for the Defendants regarding the discovery issues outlined herein.[22] Defendants are opposed to this motion.

                                          */s/ Brian C. Pidcock*
                                          Brian C. Pidcock

---

[22] Exhibit J (Email exchange between Counsel from June to September 2017).