IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY | § § § § § | JURY DEMANDED |
| VS. | § § | CIVIL ACTION NO. 4:16-cv-571 |
| ELITE CENTER FOR MINIMALLY INVASIVE SURGERY LLC; HOUSTON METRO ORTHO AND SPINE SURGERY CENTER LLC; and ELITE AMBULATORY SURGERY CENTERS LLC d/b/a ELITE SURGICAL AFFILIATES | § § § § § § § | |

## Order Granting Defendants' Motion to Compel

On this day, the Court considered the motion of defendants Elite Center for Minimally Invasive Surgery LLC, Houston Metro Ortho and Spine Surgery Center LLC, and Elite Ambulatory Surgery Centers LLC d/b/a Elite Surgical Affiliates (collectively, "**Defendants**") to compel the production of documents from plaintiff Cigna Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company ("**Cigna**"). After considering the Motion, the Court finds that the following orders should be entered:

It is ORDERED that Defendants' motion to compel the production of documents from Cigna be, and it is hereby, GRANTED.

It is further ORDERED that Cigna to amend Cigna's discovery responses to clarify the scope of production and whether any documents have been withheld.

It is further ORDERED that Cigna's objections to the production of the Plan Sponsor Documents, In-Network Documents, SIU Documents, and Related

Litigation Documents (as those terms are defined in Defendants' motion) be, and they are hereby OVERRULED.

It is further ORDERED that Cigna produce the Plan Sponsor Documents, In-Network Documents, SIU Documents, and Related Litigation Documents within ten (10) days of this order.

It is further ORDERED that Cigna's privilege objections, insofar as they relate to communications regarding plan administration be, and they are hereby, OVERRULED.

It is further ORDERED that Cigna produce any documents relating to plan administration withheld pursuant to a privilege objection be produced within ten (10) days of this order.

It is further ORDERED that Cigna produce unredacted copies of any previously produced documents that were redacted to exclude a communication about plan administration pursuant to a privilege objection within ten (10) days of this order.

It is further ORDERED that Cigna supplement its document production with the metadata that has been omitted from Cigna's productions thus far no later than ten (10) days of this order.

SIGNED on this ___ day of _____ 2017.

_____
Kenneth M. Hoyt
United States District Judge