IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY AND CIGNA HEALTH AND LIFE INSURANCE COMPANY | § § § § § | JURY DEMANDED |
| VS. | § § | CIVIL ACTION NO. 4:16-cv-571 |
| ELITE CENTER FOR MINIMALLY INVASIVE SURGERY LLC; HOUSTON METRO ORTHO AND SPINE SURGERY CENTER LLC; and ELITE AMBULATORY SURGERY CENTERS LLC d/b/a ELITE SURGICAL AFFILIATES | § § § § § § § | |

## Defendants' Reply in Support of Motion to Compel

Defendants Elite Center for Minimally Invasive Surgery LLC ("**Elite**"), Houston Metro Ortho and Spine Surgery Center LLC ("**Houston Metro**"), and Elite Ambulatory Surgery Centers LLC d/b/a Elite Surgical Affiliates (collectively, "**Defendants**") file this reply in support of Defendants' Motion to Compel.[1]

### A.   The Court should compel production of the Plan Sponsor Documents.

Cigna asserts that the Plan Sponsor Documents are not discoverable because (1) Cigna did not receive any revenues from reducing or denying claims submit-

---

[1] Docket No. 43. Plaintiffs Connecticut General Life Insurance Company and Cigna Health and Life Insurance Company (collectively, "**Cigna**") filed a response to the motion at Docket No. 49.

Capitalized terms not otherwise defined herein shall have the meanings assigned in Defendants' Motion to Compel.

In Defendants' Motion to Compel, Defendants requested the Court compel Cigna to produce metadata. Docket No. 43 at 12. In Cigna's response, Cigna agrees to produce metadata. As a result, the parties have resolved this issue, and Court intervention is not necessary at this time. Defendants' continue to request all other relief requested in the motion to compel.

ted by Defendants, and (2) the ASO Agreements were only referenced in the complaint "for purposes of pleading Cigna's discretionary authority and standing to bring this lawsuit" and are not otherwise relevant. Neither argument has merit.

> *1.    Cigna's position on contingency fees received for reducing or denying Defendants' claims is directly contradicted by the North Cypress testimony.*

Defendants requested documents evidencing amounts Cigna made from reducing or denying claims submitted by Defendants. Cigna's response to the motion to compel rewrites this request to seek only documents related to revenue generated on "fee-forgiving claims"[2] and then asserts there are no responsive documents. But Defendants did not request documents related only to revenue generated on "fee-forgiving claims." Defendants requested documents identifying the amounts made from reducing or denying any claims submitted by the Defendants, including Cigna's revenues during the time period between November 22, 2011 (when Cigna first concluded that Elite was a "fee forgiver") and March 3, 2014 (when Cigna began routing Defendants' claims through the SIU).

The trial testimony in *North Cypress Medical Center Operating Company, Limited et. al. v. Cigna Healthcare, et. al.*, Cause No. H-09-cv-2556 ("**North Cypress**"), supports Defendants' contention that, following Cigna's 2011 determination, Cigna continued to generate additional revenues by processing Defendants' claims through so-called "cost containment programs."[3] Indeed, in *North Cypress*, Cigna

---

[2]    Counsel for Defendants does not recall agreeing to limit Defendants' Request for Production No. 14 to amounts received from "fee-forgiving claims," Docket No. 49 at 8 n. 21. Defendants' counsel recalls discussing a possible limitation on Request for Production 15 to agreements relating to fee forgiveness, but no agreement was finalized, and there is no record of this discussion with respect to Request for Production 14.

[3]    North Cypress ECF No. 529 at 10 - 11.; North Cypress Trial Testimony Vol. 3 101:14 – 102:03.

stipulated that it made $2.985 million through cost containment contingency fees in the 22-month period prior to Cigna's application of the fee-forgiving protocol to North Cypress.[4]

The Court should compel Cigna to produce the same evidence that it produced in *North Cypress,* so that Defendants may determine the revenues Cigna generated by reducing or denying Defendants' claims.

    2.    *The Court should compel production of the ASO Agreements.*

Cigna asserts that the ASO Agreements delegate discretionary authority to Cigna,[5] and, as a result, that Cigna's adverse benefits determinations are entitled to an abuse of discretion review.[6] Whether the ASO Agreements delegate discretionary authority to Cigna is an open question in this lawsuit. While Cigna previously argued "[t]here is no dispute that the plans at issue vest Cigna with discretionary authority to interpret and apply plan terms and to recover overpayments made on behalf of the plans,"[7] the Defendants have not conceded this issue, and the Court has not ruled on this issue.[8] Rather, as previously explained by the Defendants, Defendants must conduct discovery to determine whether the ASO Agreements at issue in this lawsuit afford the discretionary authority that Cigna alleges.[9] Yet, Cigna refuses to produce the ASO Agreements that purportedly support Cigna's allegation.[10] If Cigna intends to rely on provisions of the

---

[4]    North Cypress Trial Testimony Vol. 4 149:19 – 21.

[5]    Docket 49 at 9; *see* Docket No. 1 at 11-12.

[6]    *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101 (1989) (holding that courts should review a denial of benefits under a de novo standard unless the plan provides to the contrary and grants the fiduciary the discretionary authority).

[7]    Docket No. 33 at 3.

[8]    *See* Docket No. 34 at 1 n. 1.

[9]    *Id.*

[10]    *See* Docket No. 1 at 11-12.

3

ASO Agreements to seek an abuse of discretion review, then the agreements must be produced.

The ASO Agreements are also necessary to determine the revenues Cigna retains in connection with its cost containment programs. These documents are critically relevant to the abuse of discretion analysis, which will include questions regarding Cigna's conflict of interest, "the 'internal consistency of the plan' and 'the factual background of the determination and any inferences of lack of good faith.'"[11]

In the *North Cypress* trial, Cigna's President of Payor Solutions, Wendy Sherry, testified that while the ASO Agreements typically award Cigna a 29% contingency fee for amounts saved through cost containment programs,[12] "every ASO Agreement is different" and the cost containment fees "are outlined in the ASO agreement."[13]  Accordingly, production of the ASO Agreements is necessary to determine the fees Cigna is entitled to receive under the plans.

**B.    The Court has not made a final determination regarding Cigna's plan interpretation, for purposes of Cigna's § 502(a)(3) claim, and the Court should compel production of the In-Network Documents.**

Cigna argues that "[m]any of Defendants' document requests are rendered unnecessary and thus irrelevant by this Court's prior order on the legal correctness of Cigna's plan interpretation."[14] Cigna cites this Court's February 15, 2017 Memorandum and Order[15] but overlooks the May 4, 2017 Memorandum and

---

[11]  *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 196 (5th Cir. 2015) (quoting *Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 257 (5th Cir.2009) and *Threadgill v. Prudential Securities Group, Inc.*, 145 F.3d 286, 293 (5th Cir.1998)); *see also* N. Cypress Docket No. 529 at 10 - 11.

[12]  North Cypress Trial Testimony Vol. 4 32:05 – 10; 138:21 – 140:17.

[13]  North Cypress Trial Testimony Vol. 3 101:16 – 23.

[14]  Docket No. 49 at 1.

[15]  Docket No. 49 at 14 (citing Docket No. 24).

4

Order on Defendants' Motion for Clarification ("**Clarification Order**"). The Clarification Order holds that "the Court makes no final determination about whether Cigna's interpretation of the plan language was legally correct, for purposes of Cigna's § 502(a)(3) claim."[16] Because the legal correctness of the plan is still at issue, Defendants are entitled to discovery on that issue.

Cigna's mistaken understanding about the status of this determination was the only objection Cigna raised in its response to the production of the In-Network Documents. Accordingly, Defendants request that the Court overrule Cigna's objections to the production of the In-Network Documents and compel the production of those documents.

Cigna also raised this objection to the Other Litigation Documents. These documents are relevant to many issues in this case. For example, the Court's rulings on Cigna's plan interpretation as well as the Court's rulings on preemption impact both parties' claims. As explained in Defendants' Reply in Support of Motion to Dismiss, Cigna asserted state-law claims for fraud and negligent misrepresentation in *North Cypress*.[17] This Court "dismissed these claims, concluding they were preempted by ERISA" but this order remains under seal.[18] There is no substantive difference between the state-law claims asserted by Cigna against North Cypress and the state-law claims asserted by Cigna against Defendants, and Defendants intend to argue that this Court should find Cigna's claims for fraud and negligent misrepresentation against Defendants are preempted by ERISA.[19] Clearly, the Other Litigation Documents are relevant to the parties' claims and defenses in this lawsuit.

---

[16] Docket No. 35 at 5.

[17] Docket No. 18 at 3 (citing *N. Cypress*, 781 F.3d at 190).

[18] *N. Cypress*, 781 F.3d at 190.

[19] In *Connecticut Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 16-20398, 2017 WL 6460150, at *6 (5th Cir. Dec. 19, 2017), the Fifth Circuit held that "the fact that at least two courts have

## C. Cigna remedied some, but not all, of the deficiencies with the SIU Documents after Defendants filed their motion to compel.

After conferring with counsel for Cigna over a period of months, Defendants filed the motion to compel on November 22, 2017. Thereafter, Cigna produced approximately 300 pages of SIU Documents (including some of the missing emails referenced in the motion). In its response, Cigna now states that "Cigna is not withholding relevant 'SIU Documents' regarding its investigation of Defendants and processing of Defendants' claims for benefits involving fee-forgiving."[20] However, from Cigna's response, Defendants are unable to determine whether Cigna has withdrawn Cigna's objections and agreed to produce *all* SIU Documents. For example, Cigna represents that "[t]o the extent there are other unproduced SIU Documents referenced within Cigna's prior productions, Cigna clarifies that it does not intend to withhold such information."[21] However, Defendants have requested that Cigna produce all SIU Documents not only SIU Documents referenced within prior productions. As a result, Defendants request the Court overrule Cigna's objections and order Cigna to produce the SIU Documents.

## Conclusion

Defendants respectfully request that the Court overrule Cigna's:

a. General objections and order Cigna to amend Cigna's responses to the requests for production to identify the assumptions/interpretations that limit Cigna's responses to Defendants' discovery requests;

---

upheld interpretations similar to that of Cigna is dispositive of the [abuse of discretion] issue[.]" This holding lends further support to the relevance of the Other Litigation Documents and Defendants should be able to review the documents and analysis associated with the prior interpretations.

[20] Docket No. 49 at 6.

[21] Docket No. 49 at 7.

b. Objections to and order production of the Plan Sponsor Documents, In-Network Documents, SIU Documents, and Related Litigation Documents; and

c. Privilege objections insofar as they relate to communications regarding plan management and order Cigna to produce responsive documents and unredacted copies of any previously produced documents.

Defendants further request that the Court grant them any such further relief to which they have shown themselves justly entitled.

Respectfully submitted,

*/s/ Craig B. Florence*

**Craig B. Florence**
State Bar No. 07158010
Southern District of Texas No. 14743
**Sadie F. Butler**
State Bar No. 24085234
Southern District of Texas No. 2924139
**Sara Ann Brown**
Texas State Bar No. 24075773
Southern District of Texas No. 1716679
**GARDERE WYNNE SEWELL LLP**
2021 McKinney Ave., Suite 1600
Dallas, Texas 75201
(214) 999-3000 (telephone)
(214) 999-4667 (facsimile)
cflorence@gardere.com
sbutler@gardere.com
sabrown@gardere.com

**ATTORNEYS FOR DEFENDANTS ELITE CENTER FOR MINIMALLY INVASIVE SURGERY LLC, HOUSTON METRO ORTHO AND SPINE SURGERY CENTER LLC, AND ELITE AMBULATORY SURGERY CENTERS LLC D/B/A ELITE SURGICAL AFFILIATES**

## Certificate of Service

On January 3, 2018, the undersigned electronically filed this document with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*Sara Ann Brown*
Sara Ann Brown

Gardere01 - 11000781v.3